IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-03071-M-RJ

CHARLES EVERETTE HINTON,            )
                                    )
                Plaintiff,          )
                                    )
        v.                          )                    ORDER
                                    )
FORREST D. BRIDGES, et al.,         )
                                    )
                Defendants.         )

On March 20, 2024, Charles Everette Hinton ("plaintiff"), a state inmate proceeding *pro se*, filed what the court construes as a civil rights complaint. See Compl. [D.E. 1].

On March 25, 2024, the court 1) directed plaintiff to either apply to proceed without prepayment of fees or pay the filing fee, and to refile his complaint on the forms prescribed for use by the court, and 2) warned him that, if he failed to comply with this order within 21 days, the action may be dismissed without prejudice for failure to prosecute. Order [D.E. 3]. This order was returned to the court as undeliverable. See [D.E. 5] (noting mailing "refused by offender").

On April 8, 2024, plaintiff filed a document self-styled as a "pre-action discovery and disclosure petition [sic]." [D.E. 6]. This filing lacks any case number and, to the extent it is intended to supplement plaintiff's complaint, it still does not comply with the court's March 25, 2024, order of deficiency.

Plaintiff is a familiar litigant to the district courts of North Carolina. See, e.g., Hinton v. Conrad, No. 3:12-CV-367-PMD (W.D.N.C. order filed July 27, 2012) (unpublished) (noting that, as of 2012, plaintiff had filed 19 *pro se* suits in the Western District of North Carolina). Plaintiff

also has three strikes under the Prison Litigation Reform Act ("PLRA"). See Hinton v. Curran, No. 3:09-CV-110-MU-02, 2009 WL 799626 (W.D.N.C. Mar. 24, 2009) (unpublished) (dismissing one of plaintiff's previous suits pursuant to 28 U.S.C. § 1915(g)).

Succinctly stated, because plaintiff failed to comply with the court's March 25, 2024, order of deficiency and the time to do so has passed, dismissal of this action is appropriate. See Ballard v. Carlson, 882 F.2d 93, 95–96 (4th Cir. 1989) (finding dismissal an appropriate sanction where a *pro se* litigant disregarded a court order despite a warning that failure to comply with the order would result in dismissal); see also Clack v. Rappahannock Reg'l Staff, 590 F. App'x 291, 291–92 (4th Cir. 2015) (per curiam) (unpublished).

Accordingly, the court: DISMISSES WITHOUT PREJUDICE the instant action [D.E. 1] for failure to prosecute; and DIRECTS the clerk to close the case.

SO ORDERED this __18th__ day of April, 2024.

RICHARD E. MYERS II
Chief United States District Judge

2